UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILA HAUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A., EARLY ) | |
| WARNING SERVICES, LLC, ) | |
| ) | |
| ) | JUDGE BRICCETTI |
| Defendants. ) | |

13 CV 9187

## COMPLAINT

NOW COMES Plaintiff, Lila Hauck ("Plaintiff"), by and through her attorneys, M. Cabrera & Associates, P.C., and for her Complaint against Defendants, Wells Fargo, N.A. and Early Warnings Services, LLC, hereby states as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This action arises under a federal statute, 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the transactions and occurrences giving rise to this Complaint occurred in this judicial district.

### PARTIES

4. Plaintiff is a citizen of the United States and resides in the County of Westchester, State of New York.

5. Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank with its principal place of business in the County of San Francisco, State of California.

6. Defendant, Early Warning Services, LLC ("EWS") is a Delaware limited liability company with its principal place of business in the County of Maricopa, State of Arizona.

## FACTS

7. From August 2012 to March 13, 2013, Plaintiff was employed by Wells Fargo as a part-time bank teller at its branch located at 1076 Yonkers Avenue, City of Yonkers, County of Westchester, State of New York..

8. On or about March 13, 2013, Plaintiff was terminated from her position as a part-time bank teller for Wells Fargo due to an alleged loss of approximately $120.00.

9. On or about March 15, 2013, Plaintiff advised Wells Fargo that she disputed the alleged loss of $120.00 and asked how to go about doing so.

10. On or about March 29, 2013, Wells Fargo reported the alleged loss of $120.00 to EWS.

11. Upon receiving notice of the alleged loss of $120.00 from Wells Fargo, EWS put it in her consumer report ("the EWS consumer report") along with a notation that she had an "unfavorable employment record" with Wells Fargo.

12. Between March 13, 2013 and April 12, 2013, Plaintiff presented to Bank of America, Citibank, and several other banking institutions to seek employment.

13. On or about April 9, 2013, Plaintiff was advised by Bank of America that she would not be hired because of information contained in the EWS consumer report.

14. On or about April 9, 2013, Plaintiff reached out to EWS, advised EWS that she wanted to dispute the accuracy of the information contained in the EWS consumer report, and asked how to go about doing so.

15. On or about April 9, 2013, Plaintiff again advised Wells Fargo that she disputed the alleged loss of $120.00 and again asked how to go about doing so.

16. On or about April 12, 2013, after being provided with the formal dispute procedure, Plaintiff formally disputed the alleged loss of $120.00 with Wells Fargo.

17. By letter dated April 12, 2013, Plaintiff was offered a position with Citibank at a starting salary of $35,000.00 per year.

18. By correspondence dated April 20, 2013, after being provided with the formal dispute procedure, Plaintiff formally disputed the accuracy of the information contained in the EWS consumer report with EWS.

19. On or about April 20, 2013, EWS provided notification of Plaintiff's dispute to Wells Fargo.

20. On or about April 22, 2013, Plaintiff spoke with Denise Dennis of Wells Fargo ("Ms. Dennis") and requested that the information contained in the EWS consumer report be removed as it was preventing her from securing employment in banking.

21. By letter dated April 23, 2013, EWS advised Plaintiff that Wells Fargo had completed a reinvestigation of her file and had affirmed the accuracy of the information contained in the EWS consumer report.

22. By letter dated April 26, 2013 Citibank rescinded its offer of employment because of the information contained in the EWS consumer report.

23. On or about April 29, 2013 Plaintiff again advised EWS that she disputed the accuracy of the information contained in the EWS consumer report.

24. By letter dated May 6, 2013 Citibank reiterated that it was rescinding its offer of employment because of the information contained in the EWS consumer report.

25. By letter dated May 7, 2013, Ms. Dennis advised Plaintiff that she had "reviewed the concerns she brought forward" in accordance with the "Dispute Resolution Process as outlined in the Team Member Handbook[ ]" and advised her that "[t]he determination is to uphold the decision to terminate [her] employment."

26. On May 7, 2013, Plaintiff called Ms. Dennis, who advised Plaintiff that she was never able to confirm that Wells Fargo had suffered a $120.00 loss and, accordingly, Wells Fargo would have the information contained in the EWS consumer report removed.

27. The information contained in the EWS consumer report has not been removed, notwithstanding Plaintiff's repeated requests that Wells Fargo do so. Some of these requests were made on the following dates: August 19, 2013; August 26, 2013; August 27, 2013; August 29, 2013; August 30, 2013; September 12, 2013; October 3, 2013; November 15, 2013; November 18, 2013; November 27, 2013; December 11, 2013; December 12, 2013; and December 13, 2013.

28. To date, Wells Fargo still has not offered any evidence to confirm that it suffered a $120.00 loss.

29. As of December 27, 2013, the EWS consumer report still reports the $120.00 loss, and does not contain any information which demonstrates that Plaintiff disputes same.

30. As a direct result of the foregoing conduct, Plaintiff has suffered emotional distress and mental anguish as she has not been able to find employment in her chosen field, as set forth previously, and she is afraid to apply to additional banking institutions for fear that they will review the EWS consumer report.

## COUNT ONE

## VIOLATION OF 15 U.S.C. § 1681s-2(b)

31. Plaintiff incorporates and repeats the foregoing paragraphs as if same were set forth at length herein.

32. Wells Fargo is a "person" as defined in the FCRA.

33. Plaintiff is a "consumer" as defined in the FCRA.

34. EWS is a "consumer reporting agency" as defined in the FCRA.

35. 15 U.S.C. § 1681s-2(b)(1) provides:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

36.     Wells Fargo, after receiving notice of Plaintiff's dispute from EWS, negligently, recklessly, and/or willfully failed to reinvestigate the misconduct charge.

37.     Notwithstanding Wells Fargo's negligent, reckless, and/or willful failure to reinvestigate the alleged loss of $120.00, Wells Fargo advised EWS that the information contained in the EWS consumer report was accurate.

38.     In the alternative, Wells Fargo, after receiving notice of Plaintiff's dispute from EWS, negligently, recklessly, and/or willfully failed to *properly* reinvestigate the alleged loss of $120.00.

39.     Notwithstanding Wells Fargo's negligent, reckless, and/or willful failure to *properly* reinvestigate the alleged loss of $120.00, Wells Fargo advised EWS that the information contained in the EWS consumer report was accurate.

40.     As a direct result of Wells Fargo's negligent, reckless, and/or willful failure to reinvestigate the alleged loss of $120.00, Plaintiff has suffered damages, including but not limited to loss of firm offers of employment, loss of potential employment opportunities, and emotional distress.

41.     WHEREFORE, Plaintiff, Lila Hauck, demands judgment against Defendant, Wells Fargo Bank, N.A., awarding to her: actual damages, compensatory damages, punitive damages, attorneys fees, costs and expenses of suit, and such other and further relief as the Court deems appropriate.

## COUNT TWO

### VIOLATION OF 15 U.S.C. § 1681i-(a)(6)

42.     Plaintiff incorporates and repeats the foregoing paragraphs as if same were set forth at length herein.

43. The EWS consumer report is a "consumer report" as defined in the FCRA.

44. 15 U.S.C. § 1681i-(a)(6) provides as follows:

(6) Notice of results of reinvestigation

(A) In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents

As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

. . . .

(v) a notice that the consumer has the right to request under subsection (d) of this section that the consumer reporting agency furnish notifications under that subsection.

45. Under 15 U.S.C. § 1681i-(d):

Following . . . any notation as to disputed information, the consumer reporting agency shall, at the request of the consumer, furnish . . . the statement, codification or summary pursuant to subsection (b) or (c) of this section to any person specifically designated by the consumer who has within two years prior thereto received a consumer report for employment purposes[.]

46. 15 U.S.C. § 1681i-(b) allows consumers to file statements "setting forth the nature of the dispute."

47. The letter from EWS to Plaintiff dated April 23, 2013 does not comply with the foregoing provisions of the FCRA, as it contains no notice that Plaintiff has the right to request that EWS notify specific persons who had received the EWS consumer report for employment

Page 7 of 10

purposes that she was continuing to dispute the accuracy of the information contained in the EWS consumer report.

48. EWS negligently, recklessly, and/or willfully failed to advise Plaintiff of her right to have EWS notify specific persons who had received the EWS consumer report for employment purposes that she was continuing to dispute the accuracy of the information contained in the EWS consumer report.

49. As a direct result of EWS's negligent, reckless, and/or willful failure to advise Plaintiff of her right to have EWS notify specific persons who had received the EWS consumer report for employment purposes that she was continuing to dispute the accuracy of the information contained in the EWS consumer report, Plaintiff suffered damages, including but not limited to loss of firm offers of employment, loss of potential employment opportunities, and emotional distress.

50. WHEREFORE, Plaintiff, Lila Hauck, demands judgment against Defendant, Early Warning Services, LLC, awarding to her: actual damages, compensatory damages, punitive damages, attorneys fees, costs and expenses of suit, and such other and further relief as the Court deems appropriate.

## COUNT THREE

## VIOLATION OF 15 U.S.C. § 1681i-(a)(1)(A)

51. Plaintiff incorporates and repeats the foregoing paragraphs as if same were set forth at length herein.

52. 15 U.S.C. § 1681i-(a)(1)(A) provides in relevant part as follows:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly[ ] . . . of such dispute, the agency shall, free of charge,

> conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

53. Upon receiving notice that Plaintiff disputed the accuracy of the information contained in the EWS consumer report, EWS negligently, recklessly, and/or willfully failed to conduct a "reasonable investigation" as required under 15 U.S.C. § 1681i-(a)(1)(A).

54. As a direct result of EWS's negligent, reckless, and/or willful failure to conduct a "reasonable investigation" as required under 15 U.S.C. § 1681i-(a)(1)(A), Plaintiff has suffered damages, including but not limited to loss of firm offers of employment, loss of potential employment opportunities, and emotional distress.

55. WHEREFORE, Plaintiff, Lila Hauck, demands judgment against Defendant, Early Warning Services, LLC, awarding to her: actual damages, compensatory damages, punitive damages, attorneys fees, costs and expenses of suit, and such other and further relief as the Court deems appropriate.

## COUNT FOUR

## VIOLATION OF 15 U.S.C. § 1681i-(c)

56. Plaintiff incorporates and repeats the foregoing paragraphs as if same were set forth at length herein.

57. 15 U.S.C. § 1681i-(c) provides in relevant part as follows:

> Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

58. Upon receiving notice that Plaintiff disputed the accuracy of the information contained in the EWS consumer report, EWS negligently, recklessly, and/or willfully failed to note in subsequent consumer reports that Plaintiff continued to dispute the accuracy of the information contained in the EWS consumer report.

59. Upon receiving notice that Plaintiff disputed the accuracy of the information contained in the EWS consumer report, EWS negligently, recklessly, and/or willfully failed to include Plaintiff's statements regarding the dispute or provide a summary or codification thereof.

60. As a direct result of EWS's negligent, reckless, and/or willful failure to comply with 15 U.S.C. § 1681i-(c), Plaintiff has suffered damages, including but not limited to loss of firm offers of employment, loss of potential employment opportunities, and emotional distress.

61. WHEREFORE, Plaintiff, Lila Hauck, demands judgment against Defendant, Early Warning Services, LLC, awarding to her: actual damages, compensatory damages, punitive damages, attorneys fees, costs and expenses of suit, and such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: December 30, 2013

M. CABRERA & ASSOCIATES, P.C.
Attorneys for Plaintiff

Matthew M. Cabrera, Esq.
55 Old Turnpike Road, Suite 308
Nanuet, New York 10954
mcabrera@mcablaw.com
(845) 531-5474