**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LILA HAUCK,

                **Plaintiff,**

        **-against-**

WELLS FARGO BANK, N.A., and
EARLY WARNING SERVICES, LLC,

               **Defendants.**

Case No. 13 cv 9187

**DEFENDANT WELLS FARGO**
**BANK, N.A.'S ANSWER TO THE**
**AMENDED COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Defendant"), by its attorneys, Reed Smith LLP, hereby answers the Amended Complaint of Plaintiff Lila Hauck ("Plaintiff") as follows:

## STATEMENT OF JURISDICTION AND VENUE[1]

1.      The allegations in paragraph 1 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 1 of the Amended Complaint.  Defendant respectfully refers the Court to the statute cited in paragraph 1 of the Amended Complaint for a complete and accurate statement of its provisions and any obligations imposed thereby.

2.      The allegations in paragraph 2 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 2 of the Amended Complaint.  Defendant respectfully refers the Court to the statute cited in paragraph 2 of the Amended Complaint for a complete and accurate statement of its provisions and any obligations imposed thereby.

---

[1] Defendant uses the headers from Plaintiff's Amended Complaint only for ease of reference and does not admit any express or implied facts contained therein.

3.      The allegations in paragraph 3 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 3 of the Amended Complaint.  Defendant respectfully refers the Court to the statute cited in paragraph 3 of the Amended Complaint for a complete and accurate statement of its provisions and any obligations imposed thereby.

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Amended Complaint, except admits that it is a federally-chartered national banking association that is organized and exists under The National Bank Act, with its main office (as identified in its articles of association) in South Dakota.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint.

## FACTS

7.      Defendant denies the allegations in paragraph 7 of the Amended Complaint, except admits that Plaintiff was employed by Defendant during the period from August 21, 2012 through and including March 13, 2013, at which time her employment was terminated for legitimate business reasons.

8.      Defendant denies the allegations in paragraph 8 of the Amended Complaint, except admits that Plaintiff was employed by Defendant during the period from August 21, 2012

through and including March 13, 2013, at which time her employment was terminated for legitimate business reasons.

9. Defendant denies the allegations in paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations in paragraph 10 of the Amended Complaint, except admits that Plaintiff's name was submitted to Early Warning Services, LLC.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations in paragraph 16 of the Amended Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Amended Complaint, except admits that, in April 2013, Plaintiff spoke with Denise Dennis regarding Plaintiff's appeal of her termination.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Amended Complaint and respectfully refers the Court to Defendant's letter to Plaintiff dated May 7, 2013 for a complete and accurate recitation of its language, terms, and conditions.

26.     Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint regarding the contents of Plaintiff's consumer report, and, as to the remainder of the allegations in paragraph 27 of the Amended Complaint, Defendant denies them.

28.     Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Amended Complaint.

## **COUNT ONE**

31.     Defendant reasserts and realleges paragraphs 1 through 30 of this Answer as if fully set forth herein.

32.     The allegations in paragraph 32 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33.     The allegations in paragraph 33 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34.     The allegations in paragraph 34 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 34 of the Amended Complaint.

35.     The allegations in paragraph 35 of the Amended Complaint set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 35 of the Amended Complaint.  Defendant respectfully refers the Court to the statute cited in paragraph 35 of the Amended Complaint for a complete and accurate statement of its provisions and any obligations imposed thereby.

36.     Defendant denies the allegations in paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Amended Complaint, except admits that any information reported by Defendant to Early Warning Services, LLC

regarding Plaintiff's employment with Defendant, and/or the cessation thereof, was truthful and accurate.

38.     Defendant denies the allegations in paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Amended Complaint, except admits that any information reported by Defendant to Early Warning Services, LLC regarding Plaintiff's employment with Defendant, and/or the cessation thereof, was truthful and accurate.

40.     Defendant denies the allegations in paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations, and that Plaintiff is entitled to any of the relief sought, in paragraph 41 of the Amended Complaint.

## COUNT TWO

42.     Defendant reasserts and realleges paragraphs 1 through 41 of this Answer as if fully set forth herein.

43.     Neither Count Two, nor paragraph 43 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 43 of the Amended Complaint.

44.     Neither Count Two, nor paragraph 44 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 44 of the Amended Complaint.

45.     Neither Count Two, nor paragraph 45 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46.     Neither Count Two, nor paragraph 46 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 46 of the Amended Complaint.

47.     Neither Count Two, nor paragraph 47 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 47 of the Amended Complaint.

48.     Neither Count Two, nor paragraph 48 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 48 of the Amended Complaint.

49.     Neither Count Two, nor paragraph 49 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 49 of the Amended Complaint.

50.    Neither Count Two, nor paragraph 50 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.    To the extent that a response is required, Defendant denies the allegations in paragraph 50 of the Amended Complaint.

## COUNT THREE

51.    Defendant reasserts and realleges paragraphs 1 through 50 of this Answer as if fully set forth herein.

52.    Neither Count Three, nor paragraph 52 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.    To the extent that a response is required, Defendant denies the allegations in paragraph 52 of the Amended Complaint.

53.    Neither Count Three, nor paragraph 53 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.    To the extent that a response is required, Defendant denies the allegations in paragraph 53 of the Amended Complaint.

54.    Neither Count Three, nor paragraph 54 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.    To the extent that a response is required, Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55.    Neither Count Three, nor paragraph 55 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is

required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 55 of the Amended Complaint.

## COUNT FOUR

56.     Defendant reasserts and realleges paragraphs 1 through 55 of this Answer as if fully set forth herein.

57.     Neither Count Four, nor paragraph 57 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58.     Neither Count Four, nor paragraph 58 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 58 of the Amended Complaint.

59.     Neither Count Four, nor paragraph 59 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 59 of the Amended Complaint.

60.     Neither Count Four, nor paragraph 60 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 60 of the Amended Complaint.

61.     Neither Count Four, nor paragraph 61 of the Amended Complaint, set forth allegations against or seek to impose liability upon Defendant, and, accordingly, no response is required from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 61 of the Amended Complaint.

### DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury does not warrant or require a response from Defendant.   To the extent that a response is required, Defendant does not consent to a trial by jury.

Defendant denies that Plaintiff is entitled to any of the relief requested in any of the "WHEREFORE" clauses of the Amended Complaint.

### AS AND FOR A FIRST DEFENSE

Count One fails, in whole or in part, to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

Count One is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD DEFENSE

Count One is barred, in whole or in part, due to lack of standing or jurisdiction, and/or by the doctrines of unclean hands, laches, estoppel, consent, release, ratification, privilege and justification, acquiescence, accord and satisfaction, payment and release, and/or waiver.

## AS AND FOR A FOURTH DEFENSE

Any loss, injury, or damages allegedly suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim for damages against Defendant.

## AS AND FOR A FIFTH DEFENSE

No action or omission by Defendant was the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, Plaintiff's claims should be dismissed because there is no causal connection between the events alleged in the Amended Complaint and any damages that Plaintiff has allegedly suffered.

## AS AND FOR A SIXTH DEFENSE

Count One is barred, in whole or in part, because Plaintiff has not sustained any damages.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff has failed, refused, and/or neglected to take reasonable steps to mitigate her alleged damages, thus barring or diminishing any recovery by her.

## AS AND FOR AN EIGHTH DEFENSE

At all relevant times, Defendant complied and acted in accordance with 15 U.S.C. § 1681s-2(b) and all other provisions of the Fair Credit Reporting Act.

## AS AND FOR A NINTH DEFENSE

Plaintiff does not have any statutory or other basis for recovering damages, actual damages, compensatory damages, economic damages, liquidated damages, punitive damages,

statutory damages, equitable relief, declaratory relief, attorneys' fees, expert's fees, interest, and/or costs or expenses of suit in this action.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that Defendant's alleged conduct was undertaken in good faith and was not willful, egregious, wanton, or in reckless disregard of Plaintiff's rights and not committed by the level of actor(s) required by law for such damages.

## AS AND FOR AN ELEVENTH DEFENSE

Under the circumstances of this action, any award of punitive damages would violate the United States and New York Constitutions and statutes.

## AS AND FOR A TWELFTH DEFENSE

All or part of Plaintiff's claims are barred or preempted, in whole or in part, by the federal statute known, classified, and/or designated as "The National Bank Act."

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of After-Acquired Evidence.

Defendant hereby reserves its right to assert such other and further defenses to Plaintiff's Amended Complaint as further investigation and discovery of the facts may warrant.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in her Amended Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing Count One in its entirety and with prejudice, and awarding

Defendant its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

Dated:  New York, New York
       April 24, 2014

Respectfully submitted,

**REED SMITH LLP**

By: _____
    Cindy Schmitt Minniti
    Mark S. Goldstein
    599 Lexington Avenue
    New York, N.Y.  10022
    (212) 521-5400

*Attorneys for Defendant Wells Fargo Bank, N.A.*